UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: WILLIAM REID THOMPSON,
Debtor.

WILLIAM REID THOMPSON,
Plaintiff-Appellant,

v.                                                                                  No. 95-3112

BOARD OF TRUSTEES OF THE FAIRFAX
COUNTY POLICE OFFICERS RETIREMENT
SYSTEM,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-95-1221-A, BK-93-15316)

Argued: July 8, 1996

Decided: August 2, 1996

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Robert Lee Vaughn, Jr., GLENNON, GOODMAN &
LUBELEY, Reston, Virginia, for Appellant. William McCauley

Arnold, MCCANDLISH & LILLARD, P.C., Fairfax, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant William Reid Thompson became a police officer with Fairfax county in 1969, at which time he became a participant in the disability and retirement plan administered by appellee Board of Trustees of Fairfax County Police Officers ("the Board"). In 1971, Thompson was injured in a work-related automobile accident, for which he began to receive disability benefits in 1973. In 1987, the Board discontinued Thompson's disability payments because it determined that Thompson had been ineligible for disability benefits he had previously received in the amount of $89,017.49. The Board's determination was based on Thompson's plea of guilty in federal district court to four felony charges, including conspiracy to distribute drugs, from which it was determined that Thompson made a profit of six million dollars while collecting disability. Because disability benefits are reduced if the recipient receives other income, Thompson's profits were more than sufficient to disqualify him from the disability benefits he received from 1974-78 and 1984-86.

On January 1, 1994, Thompson became eligible to receive retirement benefits, and ineligible to receive further disability benefits, by virtue of obtaining twenty-five years of "service credit" with the police force. Three days prior to January 1, 1994, Thompson filed for bankruptcy under Chapter 7. Although Thompson listed the Board as an unsecured creditor and notified the board that any further attempt to recover disability benefits would be in violation of the automatic stay imposed by 11 U.S.C. § 362, the Board withheld Thompson's retirement benefits and applied them to the amount Thompson owed

2

the Board for the prior disability overpayments. Thompson filed an adversary hearing in the bankruptcy court seeking injunctive relief, damages, and sanctions against the Board for violation of the automatic stay and discharge injunction imposed by the Bankruptcy Code.

At the hearing, the Board asserted a right to recoupment, which acts as an "equitable exception" to the automatic stay, or in the alternative a right to setoff Thompson's future retirement benefits against his disability overpayments. The bankruptcy court found no right of recoupment because the disability overpayments and retirement benefits arose from separate transactions, and thus they failed to meet the requirement for recoupment that the two parties' claims arise from the "same transaction." J.A. at 188. However, the bankruptcy court did hold that the right of setoff existed.

In holding that the Board had a right of setoff under 11 U.S.C. § 553, the bankruptcy court concluded that the parties had the requisite mutuality, because both Thomas and the Board were asserting rights that had existed before the filing of the bankruptcy petition. See J.A. at 190. The bankruptcy court specifically determined that Thompson's claim arose pre-petition, finding that, although it was contingent on Thompson's obtaining twenty-five years service credit, Thompson's claim for retirement benefits had arisen when he joined the police force. See J.A. at 203. The bankruptcy court further found that only $1.00 of Thompson's estate was exempted from setoff by state law, because the schedules filed by Thompson were ambiguous. See J.A. at 205. The bankruptcy court then exercised its discretion to annul the automatic stay and provided retroactive relief to the Board, allowing the Board to exercise its right to setoff against the remainder of Thompson's estate exceeding $1.00. See J.A. at 207. Thompson appealed, and the district court affirmed each of the bankruptcy court's findings.

Thompson challenges the bankruptcy court's decision on several grounds. First, Thompson asserts that the term "debt" is more limited than the term "claim" under the bankruptcy code, and does not include contingent claims such as Thompson's claim for retirement benefits at the time of the filing of the bankruptcy petition. Second, Thompson asserts that the bankruptcy court had no discretion to annul the automatic stay. Third, Thompson asserts that his retirement bene-

3

fits were exempt from setoff under federal and state law. Fourth, Thompson asserts that the bankruptcy court erred in finding that the Board was not barred by failure to file a proof of claim. Last, Thompson asserts that the district court judge erred in failing to recuse himself from the proceedings, based on the judge's alleged bias against Thompson arising from the judge's involvement in earlier criminal proceedings against Thompson's co-conspirators.

Having reviewed the lower court opinions, the record, and the briefs and materials submitted by the parties, we conclude that the district court committed no error. Accordingly, we affirm on the thorough opinions of the bankruptcy court, see Thompson v. Board of Trustees, 182 B.R. 140 (Bankr. E.D. Va. 1995), and the district court.

AFFIRMED

4